In re WAGNER'S ESTATE.

(District Court, E. D. Pennsylvania. July 23, 1913.)

No. 4,831.

BANKRUPTCY (§ 217*)—JURISDICTION OF COURT—STAY OF PROCEEDINGS IN STATE COURT.

Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), which authorizes a court of bankruptcy to stay suits against a bankrupt founded on claims from which a discharge will be a release, does not vest it with jurisdiction to stay a suit in a state court to foreclose a valid mortgage, which was pending at the time of the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

In the matter of Charles M. Wagner, bankrupt. On petition of receiver for stay of sale of real estate in foreclosure suit and for leave to sell. Petition denied.

John Kent Kane, of Philadelphia, Pa., for receiver.
John A. Schappet, of Philadelphia, Pa., for mortgagee.

THOMPSON, District Judge. The petition recites that among the assets of the bankrupt estate are two parcels of real estate, Nos. 201–203 South Twelfth street, in the city of Philadelphia, the title to which is in the name of Samuel Clark, a straw man, who holds the title for the bankrupt, George M. Wagner; that the two parcels of land

are subject to a first mortgage of $50,000 to the Commonwealth Title Insurance & Trust Company and a second mortgage to Peter Thompson for $13,500, dated February 20, 1912. The petition sets out that the equity in the property over and above the mortgages is approximately $7,000. Suit upon the second mortgage was brought by the mortgagee, Peter Thompson, on May 16, 1913, before the filing of the petition in bankruptcy, and the suit has been so proceeded with that the real estate, unless a stay is had, will be sold by the sheriff on the first Monday of August next. The receiver has no funds in his possession to protect the equity of the bankrupt estate, and, fearing that the equity will be lost if the property is sold at sheriff's sale, prays for stay of the sale and for leave to sell the property at public sale subject to the mortgages. It is undisputed that the mortgages are valid liens upon the real estate in question and that the claims thereon would not be released by the discharge of the bankrupt.

Section 11a of the Bankruptcy Act, which vests in the District Court jurisdiction to stay suits, confines the jurisdiction to "a suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him," and, as stated by Judge Dallas, speaking for the Circuit Court of Appeals for this circuit, in the case of Tennessee Producer Marble Co. v. Grant et al., 135 Fed. at page 323, 67 C. C. A. at page 677, this is—

"obviously for the purpose of assuring to the court of bankruptcy exclusive authority to adjudicate the claims which, by their orders of discharge, they may release. It does not apply to a suit brought in a state court to enforce an asserted right in rem under the law of such state."

Judge Dallas continues:

"The proceeding which the order in question restrained the marble company from further prosecuting had been instituted in a court of Pennsylvania prior to the filing of the petition in bankruptcy. It was a hostile proceeding, and it attached a fund which the marble company claimed by adverse right. The state court had jurisdiction over the parties and the subject-matter, and possession of the property; and it is well settled that, where property is in the actual possession of the court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control.' Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. The state court had acquired jurisdiction of the res, and was fully empowered to pass upon any and all conflicting claims to it."

See, to same effect, In re Rohrer, 177 Fed. 381, 100 C. C. A. 613.

Section 265 of the Judicial Code of March 3, 1911 (36 Stat. 1162, c. 231 [U. S. Comp. St. Supp. 1911, p. 236]), provides:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The interpretation by the Circuit Court of Appeals for this circuit of the provisions of the Bankruptcy Act granting jurisdiction to the District Court in the stay of suits is conclusive upon this court, and the petition for stay is denied. The prayer for leave to sell was withdrawn at bar.