In re SCHERMERHORN.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1906.)

No. 53.

1. BANKRUPTCY—OWNERSHIP OF PROPERTY—BANKRUPTCY COURT—JURISDICTION.

On the filing of a petition in bankruptcy, followed by an adjudication, all property in the possession of the bankrupt of which he claims ownership passes into the custody of the bankruptcy court, subject to its jurisdiction to determine by plenary action or summary proceeding all adverse or conflicting claims with reference thereto, which jurisdiction cannot be impaired or destroyed by the unauthorized surrender of possession of the property by the officers of the bankruptcy court, or through a seizure thereof by an adverse claimant.

2. SAME—TRUSTEE—PERMISSION TO SUE IN STATE COURT—VACATION.

Where an ex parte order permitting a claimant of property in the possession of a bankrupt to sue the trustee in a state court to determine the claimant's right thereto was improvidently granted, the court, on being advised of all the facts, had power to vacate such order, and enjoin the claimant from proceeding further in the state court.

In Bankruptcy. On petition for review. Denied.

Thomas J. White, for petitioner.

W. S. McClintock (Joseph V. Karnes, Alexander New, and Edwin A. Krauthoff, on the brief), for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. This petition to revise in matter of law challenges the jurisdiction of the court of bankruptcy to determine the claim of the petitioner to 18 buggies, which had been part of the bankrupt's stock of merchandise, and its power to enjoin the petitioner from asserting such claim by an action against the trustee in a state court. The contention of the petitioner rests upon his representation that, when the proceedings in bankruptcy were instituted and the adjudication was had, he was the owner and in the actual possession of the buggies under a title not derived from the bankrupt, and he says that a seizure thereof by the trustee, acting under an order of the

referee, was wrongful, and therefore it could operate neither to deprive him of his rights, nor to confer jurisdiction to determine them upon the court of bankruptcy. But the record before us, consisting of the petition to revise, the response of the trustee, and the various exhibits comprising transcripts of the evidence and the proceedings in the cause, discloses that there is no basis of fact for the representation. At the time the petition in bankruptcy was filed and at the time of the adjudication on the following day, it was the bankrupt, not the petitioner, who was in the possession of the buggies under a claim of ownership. The buggies were entered by the bankrupt in his schedules as part of his estate. They were in a building which he had rented of the petitioner, of which he had the customary keys, and over which he was exercising dominion and control as a tenant. He had within the building other property than that in controversy. All that the petitioner had in the nature of possession was a key to the back door of the building, and this he had reserved to himself without the knowledge or consent of the bankrupt, his tenant. There had been no declaration of forfeiture of the bankrupt's tenancy for nonpayment of rent or other reason, and no surrender of the possession of the building. The tenancy still subsisted. The bankrupt did not know that the petitioner claimed to have purchased the buggies, nor did he agree to hold them for him. Some time after the adjudication the petitioner gained access to the building by his rear door key, changed the locks, and then asserted exclusive adverse possession. But the buggies were then in the custody of the court, and the petitioner could gain nothing by an interference therewith. It was therefore proper for the court to repossess itself of them.

Upon the filing of a petition in bankruptcy, followed by an adjudication, all property in the possession of the bankrupt of which he claims the ownership passes at once into the custody of the court of bankruptcy, and becomes subject to its jurisdiction to determine, by plenary action or summary proceeding, as the nature of the case demands, all adverse or conflicting claims thereto, whether of title or of lien; and that court may, by the process of injunction, protect its jurisdiction against interference. It may draw to itself the determination of all controversies over the property in its possession, and when it once lawfully attaches its jurisdiction cannot be destroyed or impaired by the unauthorized surrender of possession of the property by the officers of the court, or through a seizure thereof by an adverse claimant. Whitney v. Wenman (U. S.) 25 Sup. Ct. 778, 49 L. Ed. 1157; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Chauncey v. Dyke Bros., 55 C. C. A. 579, 119 Fed. 1; In re Corbett, 104 Fed. 872. See, also, In re Rochford, 59 C. C. A. 388, 124 Fed. 182.

After various proceedings before the referee, the District Court made an order permitting the petitioner to sue the trustee in a state court, but it was upon an ex parte application and showing, and without notice to the trustee or his counsel of record. The District Court, upon being advised of the true situation as disclosed by the record,

found that its order was improvidently granted, and it promptly vacated it, and enjoined the petitioner from proceeding further in the state court. There can be no doubt of the power of the court to do this, nor that its power was well exercised.

In view of the foregoing, we need not consider the contention of the trustee that the petitioner voluntarily consented to the jurisdiction of the bankruptcy court by submitting to the referee his claim for the value of the buggies. Nor do we pass upon the merits of this controversy. We simply affirm the action of the District Court in determining the forum in which they should be litigated.

The petition to revise is denied.