In re DANA, Judge, et al.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1909.)

No. 85.

1. BANKRUPTCY (§ 217*)—RESTRAINING PROCEEDINGS IN STATE COURT—POWER OF COURT TO GRANT INJUNCTION.

A District Court of the United States, in which proceedings in bankruptcy are pending and which is in the actual possession of real property conceded to belong to the bankrupt, has jurisdiction to determine the amount and order of priority of liens thereon and to liquidate such liens, to the end that the property may be sold free of incumbrances, and in aid thereof to enjoin the lienholders from prosecuting the foreclosure of their liens in a suit brought in a state court before the commencement of the bankruptcy proceedings, but within four months thereof; and this, though the lienholders object, and it is not contended that their liens are preferential or fraudulent or invalid for any other reason.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 323; Dec. Dig. § 217.*]

2. BANKRUPTCY (§ 217*)—RESTRAINING PROCEEDINGS IN STATE COURT—SCOPE OF INJUNCTION.

An injunction issued by a court of bankruptcy restraining litigants from prosecuting a suit in a state court against a bankrupt should not be extended to the court or the judge thereof, unless in case of imperative necessity, assuming that the court has power to so extend it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

On Petition for Review.

Edwin A. Austin, for petitioners.

Mulvane & Gault and D. R. Hite, for respondent.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. The principal question arising on this petition to revise is whether a District Court of the United States, in which proceedings in bankruptcy are pending, and which is in the actual possession of certain real property conceded to belong to the bankrupt, has jurisdiction to determine the amount and the order of priority of liens thereon, and to liquidate such liens, to the end that the property may be sold free of incumbrances, and in aid thereof to enjoin the lienholders from prosecuting the foreclosure of their liens in a suit brought in a state court before the commencement of the bankruptcy proceedings, but within four months thereof; and this, though the lienholders object to such jurisdiction, and it is not contended that their liens are preferential or fraudulent, or invalid for any other reason. Bearing in mind the property was the property of the bankrupt, the title to which had passed to the trustee in bankruptcy, and that it was in the actual possession of the District Court of the United States, we think an affirmative answer should be given upon the authority of In re Schermerhorn, 76 C. C. A. 215, 145 Fed. 341, In re Eppstein, 84 C. C. A. 208, 156 Fed. 42, and the cases therein cited. In such a case the power of the court is not affected by section 57h of the bank-

ruptcy act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]).

The injunction in this case ran, not only against the parties to the suit in the state court, but also against the state court itself and the judge. Assuming, without deciding, that power exists so to extend the writ, clearly it should never be exercised, except in case of imperative necessity. An injunction operating upon the litigants alone will rarely fail to accomplish all that is needed, and it should not be anticipated that a judge of a state court will of his own motion insist upon proceeding after the parties in interest have been restrained by a court whose jurisdiction in the particular matter is paramount. A considerate regard for the dignity of the courts of the states, so essential to harmony in our intricate judicial systems, forbids an assumption that they will not be equally solicitous to observe the Constitution and laws of the United States, which constitute the supreme law of the land binding upon all the courts. Indeed, it appears that before the injunction in question was awarded the state court, which by its receiver had the actual possession of the property, voluntarily surrendered it to the receiver appointed in the bankruptcy proceeding upon request being made.

The order of injunction should be amended by discharging therefrom the court of the state and the judge; otherwise, the petition to revise is denied.