MOREHOUSE et al. v. GIANT POWDER CO. et al.

In re EXPLORATION MERCANTILE CO.

(Circuit Court of Appeals, Ninth Circuit. May 20, 1913.)

No. 2,145.

1. COURTS (§ 418½, New, vol. 14 Key-No. Series)—JURISDICTION OF DISTRICT COURTS—EFFECT OF NEW JUDICIAL CODE—CONTEMPTS.

Under the provisions of the Judicial Code (Act March 3, 1911, c. 231, §§ 294, 299, 36 Stat. 1167, 1169 [U. S. Comp. St. Supp. 1911, pp. 244, 246]) that its provisions "so far as they are substantially the same as existing statutes shall be construed as continuations thereof, and not as new enactments," and that the repeal of existing laws and the amendments thereof embraced in the act "shall not affect any act done or any right accruing or accrued or any suit or proceeding," the taking effect of such Code did not affect pending suits or proceedings in the District Court, nor the power of the court to punish as a contempt disobedience of an order previously made.

2. INJUNCTION (§ 232*) — PROCEEDINGS FOR PUNISHMENT — DISPOSITION OF FINES.

A proceeding for contempt instituted by creditors of a bankrupt in the bankruptcy proceedings for violation of an injunction by which the estate was depleted is essentially civil and remedial, and the punitive element only incidental, and, where as a result of the action of the creditors a substantial sum is restored to the estate, it is within the power of the court to impose a fine for the contempt and direct its payment to such creditors as partial reimbursement for their costs and attorney's fees expended.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 519–528; Dec. Dig. § 232.*]

3. CONTEMPT (§ 54*)—PROCEEDINGS FOR PUNISHMENT—AFFIDAVIT OR INFORMATION.

There is no prescribed form which must be followed in an information on which a citation for civil contempt is issued; and, in the absence of objection in limine, the papers are sufficient if they clearly apprise the defendant of the nature of the charge.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 143–149; Dec. Dig. § 54.*]

4. BANKRUPTCY (§ 20*)—JURISDICTION OF COURT—INJUNCTIONS.

A proceeding in a state court to wind up an insolvent corporation in which a receiver is appointed tends to defeat the operation of the bankruptcy law, and may be stayed by injunction by the bankruptcy court under the power given by Bankr. Act July 1, 1898, c. 541, § 2 (15), 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), to "make such orders as may be necessary for the enforcement of the provisions of the act."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

5. BANKRUPTCY (§ 20*)—JURISDICTION OF COURT—INJUNCTION.

A court of bankruptcy has jurisdiction to grant an injunction restraining any act which will interfere with the administration of the bankruptcy law against any person within its jurisdiction, whether a party to the bankruptcy proceedings or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

· In the matter of the Exploration ·Mercantile Company, bankrupt. From an order granted on application of the Giant Powder Company, Consolidated, the Pacific Hardware & Steel Company and J. A. Folger & Co., adjudging H. V. Morehouse and J. S. Thompson guilty of contempt and imposing fines, defendants bring error. Affirmed.

On August 6, 1908, W. C. Stone, the president and a director and the principal stockholder of the Exploration Mercantile Company, a corporation of Nevada, caused to be filed in one of the courts of that state an application for the appointment of a receiver to take charge of the affairs of that corporation with a view to its dissolution under the directions and orders of that court. On the same day C. E. Wylie, who was the manager of the corporation, and also one of its directors and stockholders, made application that he be appointed such receiver. Thereupon an order was made declaring the corporation dissolved and appointing Wylie receiver, with full power to take charge of its assets, and to control its business. At that time and ever since the corporation was and has been insolvent. On September 12, 1908, a petition was filed in the court below by certain creditors of the corporation praying that it be adjudged a bankrupt. On the same day the creditors presented a petirion in which they alleged that the corporation had a large stock of merchandise, which would be dissipated and lost unless the corporation and Wylie, the receiver, be restrained from selling or otherwise disposing of it. The court thereupon made an order that, until its decision should be rendered on the petition, the parties against whom the injunction was sought abstain from selling or in any other manner disposing of the property or estate or any part thereof of the said corporation.

On the same day another petition was filed by the creditors, alleging that a petition in bankruptcy had been filed, and that proceedings had been had in the state court resulting in the appointment of Wylie as receiver, who was then conducting the business of the bankrupt to the injury of the creditors, and praying that the suit in the state court be stayed, and that Stone and Wylie, their agents, servants, and counselors, be restrained from further prosecuting that suit. An injunction was issued commanding and enjoining Stone, Wylie, the corporation, their agents, servants, and attorneys, from further prosecuting said suit in said state court, and from taking any further step or proceeding in said suit "until our said District Court shall make further order in the premises."

On September 17, 1908, the plaintiffs in error herein filed their appearance in the court below as attorneys for the corporation and for Stone and Wylie. The corporation filed a demurrer to the petition for adjudication, and Stone presented a plea to the jurisdiction. On the following day a motion was made for the dissolution of the injunction, but that motion had not been decided when the contempt proceedings hereinafter referred to were had. On July 9, 1909, the corporation was duly adjudged a bankrupt on the ground that, being insolvent, it had on August 6, 1908, applied for a receiver for its property. At the same time it was shown the court by affidavit that between September 30, 1908, and April 30, 1909, Wylie had paid out more than $10,000 of the money of the corporation, and had committed further acts in violation of the order of the district court, and that plaintiffs in error on December 7, 1908, and after notice and knowledge of the orders of the court below, demanded and received $1,000 from Wylie as attorney's fee; and that one of said plaintiffs in error, H. V. Morehouse, acting as attorney for Wylie, receiver, and for Stone, after notice and knowledge of said orders, asked the state court to order the sale of the property of the company and advised that court to pay no attention to the action of the federal court.

For those acts the plaintiffs in error were ordered to show cause why they should not be adjudged guilty of contempt of the court below for disobedience of its lawful orders. In answer to that order they filed affidavits disclaiming willful or contemptuous disobedience, but admitting the receipt of $1,000 as attorney's fee. The matter came on to be heard on May 26, 1910, and the

court thereupon found that the plaintiffs' in error willfully, knowingly, and contemptuously violated its order restraining Wylie from disposing of the property of the corporation in receiving the attorney's fees so paid them by the receiver, and it was ordered and adjudged that they were guilty of contempt of court, and that they each be fined $100; that in default thereof they be committed to the county jail until payment of the fine, or until the further order of the court; and that they each be fined the sum of $500.

H. V. Morehouse, of Reno, Nev., and I. S. Thompson, of Goldfield, Nev., for plaintiffs in error.

Joseph Kirk, of San Francisco, Cal., and J. L. Kennedy, of Eureka, Cal., for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] We find no merit in the contention that the court below had no power or jurisdiction to enter the judgment for contempt committed against the court wherein the injunction was issued for the reason that that court ceased to exist on January 1, 1912, by virtue of the provisions of the new Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1167 [U. S. Comp. St. Supp. 1911, p. 244]). The District Court was not abolished by the Judiciary Act in the sense and with the effect which is contended for. The new Judicial Code, so far as it affected the District Courts, was but a re-enactment of the existing law. Section 294 provides that:

"The provisions of this act, so far as they are substantially the same as existing statutes, shall be construed as continuations thereof, and not as new enactments."

And section 299 declares that the repeal of existing laws or the amendments thereof embraced in the act shall not affect any act done or any right accruing or accrued.

[2] It is assigned as error that the proceeding in the court below was for a criminal contempt, and that the judgment requiring the plaintiffs in error each to pay $500 as remedial compensation for expenses, costs, and attorney's fees to the petitioning creditors was beyond the power and jurisdiction of the court, that in the affidavit upon which the proceedings were had no prayer of any kind was made, and no relief of any kind was demanded, and that the court had no power to grant civil relief where none was demanded. On the argument it is contended that, the proceeding for contempt being a criminal proceeding, the petition upon which it is instituted must have a title of its own, and that the charge and the prayer must be as specific as an indictment, and it is pointed out that the title is "In the Matter of Exploration Mercantile Company, a Corporation, an Alleged Bankrupt," and that the order to show cause follows that caption, and that, therefore, the same is not a separate proceeding, but a part of the original proceeding in bankruptcy. In support of that contention Gompers v. Bucks Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, is cited. In that case the court held that a proceeding instituted by an aggrieved party to punish the other party for contempt for violating the injunction in the suit in which the

injunction order was issued and praying for damages and costs is a civil proceeding in contempt, and is part of the main action, and that the court cannot punish the contempt by imprisonment for a definite term, and that the only punishment is by fine measured in the amount of the pecuniary injury, and that the party against whom the proceeding is instituted is entitled to the protection of the constitutional provisions against self-incrimination.

It is a sufficient answer to the contention to point to the fact that in the present case the punitive element of the proceeding was clearly only incidental, that its aspect was civil and remedial, and that the primary purpose was to protect the estate in bankruptcy. In the judgment it was found that Wylie was guilty of contempt in violating the order restraining him from disposing of the property of the bankrupt in paying $3,000 to Stone, $1,000 to the plaintiffs in error, $700 to Hobbs, and $1,000 to himself. For that Wylie was fined $1,000, and Stone was required to pay $3,000, both of which sums were ordered repaid for the benefit of the bankrupt's estate. The judgment that the fines of the plaintiffs in error should be paid by the clerk to the creditors as partial compensation for their costs and attorney's fees in prosecuting the proceedings was but a provision for the benefit of the estate, since the service of the creditors resulted in the restitution to the estate of $4,000 by means of the proceedings.

In Kreplik v. Couch Patents Co., 190 Fed. 565, 111 C. C. A. 381, the court held that in a proceeding against the defendant in an equity suit for violation of its injunction a fine may properly be imposed for the benefit of the complainant, measured by the pecuniary injury caused him; that such a fine is remedial and not punitive; that it does not exclude punishment of the defendant where the contempt has also a criminal aspect; and that upon a petition separate and distinct from the original suit the court may in the same proceeding impose a compensatory fine and also a sentence of imprisonment as punishment. In Merchants' Stock & Grain Co. v. Board of Trade, 187 Fed. 398, 109 C. C. A. 230, it was held that a judgment for contempt against the defendants in an equity suit who had violated an interlocutory injunction that they pay fines therefor, three-fourths to the complainant and one-fourth to the government, is a proceeding to punish a civil contempt because its chief purpose is to prevent injury to the complainant, and because the dominant effect as well as the object of the proceeding is to coerce the defendant to obey the injunction for the purpose of preserving the property of the complainant, and the punitive element in it is subordinate and incidental.

[3] In the affidavit and the motion upon which the order to show cause in the present case was issued the contempt was fully and specifically described, and the object was declared to be the issuance of an attachment against the plaintiffs in error for disobedience of the orders of the court. No objection was interposed in the court below to the form or sufficiency of the papers. The parties to the controversy treated the proceeding as civil and remedial, and there was no deprivation of any constitutional protection. In Aaron v. United States, 155 Fed. 833, 84 C. C. A. 67, the court said:

"It is now the recognized rule that the information in a contempt proceeding is sufficient if it clearly apprises the defendant of the nature of the charge against him. and no particular form is necessary. * * * If the information for the writ was defective in matter of form, it should have been taken advantage of by the defendant in proper manner by motion before going to trial. Where the party charged with the contempt appears without objection to the sufficiency of the information and affidavits by appropriate motion, but answers and goes to trial, the objection is deemed as waived."

[4] It is contended that the judgment is void for the reason that the District Court was prohibited by section 720 of the Revised Statutes (U. S. Comp. St. 1901, p. 581) to issue an injunction to stay the proceedings, that the exception in that statute as to cases where injunctions may be authorized by any law relating to proceedings in bankruptcy is not applicable since under the Bankruptcy Act a stay order is authorized only against "a suit founded upon a claim from which a discharge in bankruptcy would be a release," and it is said that the suit in the state court was not founded upon such a claim. But the instance so specified is not the only one in which the bankruptcy court may issue an injunction to stay proceedings in a state court. It may also enjoin such a proceeding "where it has the effect to defeat the operation of the bankrupt law by interfering with the administration of the debtor's property in bankruptcy." Act July 1, 1898, c. 541, § 2, cl. 15, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421). The power of the bankruptcy court to administer property in the custody of a receiver appointed in a state court depends upon whether or not such custody tends to defeat the operation of the bankruptcy law. In re Knight (D. C.) 125 Fed. 35; Hooks v. Aldridge, 145 Fed. 865, 76 C. C. A. 409. In Re Watts and Sachs, 190 U. S. 1, 27, 23 Sup. Ct. 718, 724 (47 L. Ed. 933), Mr. Chief Justice Fuller said:

"The operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes. The bankruptcy law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive."

The receiver in the state court was appointed for the purpose of winding up an insolvent corporation. The institution of the suit and the appointment of the receiver were an act of bankruptcy, and tended to defeat the operation of the bankruptcy law. This court so held in Exploration Mercantile Co. v. Pacific H. & S. Co., 177 Fed. 825, 101 C. C. A. 39.

[5] It is contended that the plaintiffs in error were not and could not have been made parties to the bankruptcy proceedings, and that, therefore, the District Court had no jurisdiction over them, and no power to enjoin them. But section 2, cl. 15, gives the bankruptcy court power to issue injunctions against persons within the court's jurisdiction, whether parties to the bankruptcy proceedings or not, to prevent the transfer or disposition of any part of the bankrupt's property. 1 Remington, § 359; In re Hornstein (D. C.) 122 Fed. 266; In re Jersey Island Packing Co., 138 Fed. 625, 71 C. C. A. 75, 2 L. R. A. (N. S.) 560. "To render a person amenable to an injunction, it is neither necessary that he should have been a party to the suit in which

the injunction was issued, nor to have been actually served with a copy of it, so long as he appears to have had actual notice." In re Lennon, 166 U. S. 548, 554, 17 Sup. Ct. 658, 660 (41 L. Ed. 1110).

It is contended that as the injunction and the stay order were only preliminary and not perpetual, and were not continued in force by the order of the court, they ceased to exist on July 9, 1909, when the adjudication in bankruptcy took place, and that the proceedings herein being instituted after that date the jurisdiction of the court in that behalf had ended. We find no merit in the contention. The injunction against the prosecution of the suit ran until the court "shall make further order in the premises," and the restraining order against the disposition of the property ran until the decision of the court upon the motion for an injunction. The motion had not been disposed of at the time of the adjudication of bankruptcy and during that time the offense for which these proceedings were had was complete; and, even if the injunction and restraining order had been thereafter dissolved, that fact would have no effect upon the right of the court to proceed against the plaintiffs in error as for contempt. In Houghton v. Meyer, 208 U. S. 149, 156, 28 Sup. Ct. 234, 236 (52 L. Ed. 432), it is said:

"A temporary restraining order is distinguished from an interlocutory injunction, in that it is ordinarily granted merely pending the hearing of a motion for a temporary injunction, and its life ceases with the disposition of that motion and without further order of the court."

Plaintiffs in error quote the decision in that case as authority for their proposition that the restraining orders ceased with the order of the court whereby the motion was held under advisement. But that order was not a disposition of the motion. If it had any effect on the motion, it was but to reaffirm it as the order of the court until the decision on the motion.

There are other assignments of error presenting minor points, in none of which do we find ground for disturbing the judgment of the court below. That judgment is affirmed.