**FIRST SAVINGS BANK & TRUST CO. OF ALBUQUERQUE, N. M., et al. v. BUTLER.**

(Circuit Court of Appeals, Eighth Circuit. June 15, 1922.)

No. 5943.

1. Bankruptcy ⊕⇒217(1)—Jurisdiction of suit to enjoin foreclosure proceedings against bankrupt's property not dependent on citizenship.

A suit by a trustee in bankruptcy to enjoin the parties thereto from further proceeding in a foreclosure suit in the state court, involving property in which bankrupt had a substantial equity, was merely ancillary to and in aid of jurisdiction of bankruptcy court, and jurisdiction did not depend on the citizenship of the parties.

2. Bankruptcy ⊕⇒210—Duty of court to draw to itself all property of estate and determination of all claims and demands.

Under the Constitution, jurisdiction of court of bankruptcy is complete and exclusive, and it is not only the right, but the duty, of such court to draw to itself all the property of the bankrupt estate and the determination of all claims and demands existing against it.

---

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit by L. R. Butler, trustee in bankruptcy, against the First Savings Bank & Trust Company of Albuquerque, N. M., and others. From a decree for plaintiff, defendants appeal. Affirmed.

Alonzo B. McMillen, of Albuquerque, N. M. (Laurence F. Lee, of Albuquerque, N. M., on the brief), for appellants.

Herman Mohr, of Albuquerque, N. M., for appellee.

Before CARLAND, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

POLLOCK, District Judge. This appeal concerns itself with the power and duty of a court of bankruptcy to draw to itself the complete and exclusive administration of the property and effects of a bankrupt, and in the protection of its jurisdiction to restrain proceedings in a court of the state wherein there is involved property of the bankrupt estate, the title to which passed to the trustee under the provisions of the Bankruptcy Act (Comp. St. §§ 9585–9656) as of date of the adjudication. The facts necessary to present the question involved are as follows:

At the date the proceeding in bankruptcy was instituted there was pending in the court of the state a suit to foreclose a mortgage given by the bankrupt and his wife to appellant herein, called the Bank & Trust Company, to secure the payment of a debt of $30,000, of which debt there remained unpaid about the sum of $20,000. Others claiming liens upon or rights in the mortgaged property were interpleaded in said suit. On application therefor the state court, on the 15th of April, 1921, appointed a receiver to take possession of the mortgaged premises. However, during the pendency of said foreclosure suit in the state court, the bankrupt mortgagor, on the 2d day of April, 1921, filed his voluntary petition in bankruptcy, was adjudicated a bankrupt April 5th, and on April 18th, three days after the appointment of a receiver in the state court, a trustee in bankruptcy was appointed and duly qualified. Thereafter, and on the day of his appointment, the trustee filed what is termed a plea in abatement in the foreclosure suit pending in the state court, bringing to the attention of that court in that cause the pendency of the bankruptcy proceedings, and applied to the state court to surrender jurisdiction of the mortgaged premises that the same might be administered in the bankruptcy court. This plea in abatement was stricken out, the motion to surrender the property to the bankruptcy court denied, and a final decree of foreclosure and order of sale entered in the state court. Thereupon this suit was brought by the trustee for the purpose of restraining the parties from further proceeding in the foreclosure suit in the state court. From a decree granting such injunctive relief, the parties attempting to press the suit in the state court to final conclusion appealed.

There is an equity in the property involved in the foreclosure suit in the state court of a very substantial sum over and above enough

to discharge the fixed liens thereon. The jurisdiction and power of the District Court to entertain this suit and restrain the parties litigant in the state court from carrying the suit pending therein to final disposition of the mortgaged premises is the only question insisted upon by appellants.

[1, 2] We are of the opinion appellants misconceive the purpose and scope of this suit as brought in the trial court. It is in no sense an independent or original suit in equity, and does not, therefore, depend for the jurisdiction of the court upon the citizenship of the parties. On the contrary, it is a dependent suit, merely ancillary to and in aid of the jurisdiction of the bankruptcy court. True, as all of those holding provable demands scheduled by the bankrupt against his estate in bankruptcy, whether preferential or general in their nature, by operation of law became parties to the bankruptcy proceeding, the trustee on his appointment and qualification could have moved in the bankruptcy proceeding for the relief granted him in this suit, and such course would have been much less cumbersome, expensive, and dilatory than the course adopted.

However, this goes, not to the merits of the case, but merely to the manner in which the relief demanded should be invoked. There is no question of that comity arising between courts of concurrent jurisdiction in this case. Nor is the question of jurisdiction dependent upon the citizenship of the parties. Under the Constitution the jurisdiction of a court of bankruptcy in administering the estates of bankrupts under the provisions of the Bankruptcy Act is complete and exclusive, and it is not only the right, but the duty, of such courts to draw unto themselves all the property of the bankrupt estate and the determination of all claims and demands existing against the same, to the end that there may be an orderly and complete determination and settlement of the entire estate among creditors. This doctrine has been many times declared by the Supreme Court and this and other national courts of this country, as will be seen by a reference to a few of the many adjudicated cases. Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 306, 32 Sup. Ct. 96, 56 L. Ed. 208; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; In re Dana, 167 Fed. 529, 93 C. C. A. 238; Morehouse v. Giant Powder Co., 206 Fed. 24, 124 C. C. A. 158; Cohen v. Nixon & Wright (D. C.) 236 Fed. 407; In re Grafton Gas & Electric Light Co. (D. C.) 253 Fed. 668; Charak v. Durphee (D. C.) 252 Fed. 885; In re Knight (D. C.) 125 Fed. 35; In re Bluestone Bros. (D. C.) 174 Fed. 56.

It follows the decree entered by the District Court, enjoining further proceedings in the state court, under the circumstances, is right, and, being right, must be affirmed.