---

### In re HOEY et al.

(Circuit Court of Appeals, Second Circuit. April 2, 1923.)

No. 207.

1. **Bankruptcy ☞101—Court's possession of property exclusive.**
    A federal court of bankruptcy has exclusive jurisdiction over all property held by or for the bankrupt, and not in possession of an adverse claimant.

2. **Bankruptcy ☞101—Jurisdiction of property attaches on filing.**
    When a petition in bankruptcy is filed, the jurisdiction of the court attaches to the property of the bankrupt, to deal with such property and to determine all controversies arising therefrom.

3. **Bankruptcy ☞212—Court has broad jurisdiction to determine liens.**
    The broad powers conferred by Bankruptcy Act, § 2, (Comp. St. § 9586), relative to the collection of the bankrupt's estate and its reduction to money and distribution, authorize the court, when it obtains jurisdiction of property of the bankrupt, to determine all controversies in relation to the disposition and extent and character of the liens on such property or rights therein.

4. **Bankruptcy ☞217(½)—Court had jurisdiction to restrain state court suit.**
    Where the bankruptcy court obtained jurisdiction of the bankrupt's property, it had jurisdiction to restrain the prosecution in the state courts of a suit by one claiming property or the proceeds of property of the bankrupt, which had not been reduced to possession, and which were not in the possession of the court in which proceedings had been brought.

**5. Bankruptcy ⊜440—Order restraining suit in state court reviewable by petition to revise.**

The proper remedy to review an order restraining the prosecution of a suit involving the bankrupt's property in the state court is by petition to revise, and not by appeal.

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of Matthew J. Hoey and another, copartners as Hoey, Tilden & Co., etc. Proceeding by Henry H. Kaufman, receiver, to restrain the Norwegian-American Securities Corporation from prosecuting an action in the state court involving title and possession of property of the bankrupt. Decree for petitioner, and respondent appeals and petitions to revise. Appeal dismissed, and order affirmed.

Rosenberg & Ball, of New York City (Wilbur L. Ball and Ralph F. Colin, both of New York City, of counsel), for respondent and appellant.

T. Langland Thomson, of New York City (Harry P. Rodman, of New York City, of counsel), for petitioner and appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Hoey, Tilden & Co., a partnership consisting of Matthew J. Hoey and Edward Tilden, were petitioned in bankruptcy on August 15, 1922. On August 16, 1922, the petitioner obtained a temporary injunction from the Supreme Court of the state of New York restraining the bankrupt and the New York Stock Exchange from transferring the proceeds of a sale of a membership seat formerly held and owned by Hoey and sold by him some days prior to the date of the filing of the petition. In the action in the state court it was alleged that the petitioner's assignor, one Trygve Barth, a former president of the petitioner, was the equitable owner of the Stock Exchange seat, and therefore it was entitled, by virtue of an assignment, to the surplus of the proceeds of the sale over and above the claims of the members of the Exchange against the proceeds.

Before the return day of the motion for an injunction in the state court, and on the 29th of September, 1922, an order was issued by the District Court of the United States temporarily enjoining the further prosecution of the state court suit by the petition and directing it to show cause why such temporary injunction should not be made permanent. After argument, the United States District Court, on November 17, 1922, permanently enjoined the petitioner from proceeding and directed it to consent to the vacation of the temporary injunction obtained in the state court suit. The reason advanced by the court below for this decision was that on the date of the filing of the petition the bankruptcy court or its receiver obtained constructive possession of the surplus funds in the hands of the Stock Exchange. Later a motion was made for reargument, on the ground that the fund received in payment of the sale had only reached the hands of the Stock Exchange on August 17, 1922, and was not, therefore, in its possession at the

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

date of the petition in bankruptcy. This petition is from an order entered November 28, 1922, in accordance with this decision.

The petition does not advance the claim that it or its assignor has actual title or possession to the seat or its proceeds. An equitable ownership is declared to exist because of dealings between Barth and Hoey in 1918. The sole question presented, to the court below and to us, is: In what tribunal will this question of ownership be tried and determined? On reargument, it was decided that, even though the funds were not in the possession of the Stock Exchange until August 17, 1922, it made no difference when the purchaser of the seat paid the price to the Stock Exchange. The alleged agreement by which an equitable ownership is claimed by the petition is disputed, and therefore the title and interest in the seat or its proceeds in dispute must be judicially determined.

[1] It is well established that the federal court of bankruptcy has exclusive jurisdiction over all property held by or for the bankrupt, and not in possession of an adverse claimant. Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305; Acme Co. v. Beekman Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208. When that court once has jurisdiction over a res, no subsequent action of another court can divest it thereof. The filing of a petition in bankruptcy fixed the date from which the jurisdiction attached. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. What then passed to its jurisdiction is property actually or constructively in the possession of the bankrupt, if the legal title thereto is not in a third party. It would also obtain jurisdiction over property in adverse possession of a third party, if the true legal status were that title was in the bankrupt. Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080; Clay v. Waters, 178 Fed. 385, 101 C. C. A. 645, 21 Ann. Cas. 897; Orinoco Iron Co. v. Metzel, 230 Fed. 40, 144 C. C. A. 338. When this seat was sold, the proceeds belonged to its legal owner, Hoey, subject to the claims of the Stock Exchange members against the same. If an equitable ownership existed in favor of the petitioner, it was subject to that claim. The proceeds, amounting to $45,000, were therefore in Hoey's constructive possession. When the petition was filed, the jurisdiction of the court attached to deal with it, and to determine controversies arising therefrom. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157.

[2] The bankruptcy court, having jurisdiction, may enjoin the prosecution of actions tending to interfere with the administration of the debtor's property in bankruptcy. In re Schermerhorn, 145 Fed. 341, 76 C. C. A. 215; Morehouse v. Powder Co., 206 Fed. 28, 124 C. C. A. 158. In O'Dell v. Boyden, 150 Fed. 731, 80 C. C. A. 397, 10 Ann. Cas. 239, a firm of stockbrokers assigned their entire interest in their New York Stock Exchange seat to secure past and present advances. Within a few days thereafter the firm went into bankruptcy. The seat was sold by the Exchange and the proceeds held subject to the liens of members. The trustee in bankruptcy, on hearing of a claim of the purchaser to a lien against the surplus, moved in the bankruptcy court for an injunction against a suit by the purchaser against the trustee

and the Stock Exchange. The purchaser started suit in the state court, in which he sought to have the surplus of the proceeds paid to him. In this state court suit, a temporary injunction restraining the Stock Exchange and directing the paying over of the surplus to the trustee was entered. The difference between the facts in the case at bar and the case cited is that the Stock Exchange seat was sold after, instead of prior, to the filing of the petition in bankruptcy. There the Court of Appeals of the Sixth Circuit said:

"There exists no ground for entertaining jurisdiction to adjudicate his claim or lien, unless we shall agree with the court below in holding that the 'membership' or 'seat' was an asset which passed to the trustee and was in custodia legis when the petition was filed. But we cannot regard the fact that the seat had been sold and the proceeds were in the hands of the New York Stock Exchange when this petition was filed as depriving the bankrupt court of any custody or possession which it had before such sale. * * * If this peculiar kind of property passed to the trustee upon his appointment, and was in his control and possession so far as such property is capable of being possessed, the bankrupt court did not lose possession by the steps taken under its direction to bring it to sale. * * * The transfer and assignment preceding bankruptcy may have fastened liens upon the pecuniary results of a valid sale, and transfer which may be effectually enforced in the bankrupt court, but subject to such equitable liens as may result from such prior transfers or assignments. The 'seat' or 'membership' continued to be the 'seat' of Henrotin, and was a pecuniary asset which passed to his trustee. It was as much in his custody and possession as such a species of property is capable of. To deny the trustee's possession would be to deny the capability of possession of a chose in action or other incorporeal right or equity. The possession may be constructive, and not manual; but it is only so because such property is not capable of a more tangible custody."

In Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327, Justice Moody said:

"Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

[3] The broad powers conferred by section 2 of the Bankruptcy Act (Comp. St. § 9586), authorizing the bankruptcy court to cause the estate of the bankrupt to be collected, reduced to money, and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties, when necessary for the complete determination of the matter in controversy, provide in effect that, when the property has become subject to the jurisdiction of the bankruptcy court, as that of the bankrupt, whether held by him or for him, jurisdiction exists to determine controversies in relation to the disposition and the extent and character of the liens thereon or the rights therein. In re Diamond's Estate, 259 Fed. 70, 170 C. C. A. 138; In re Whitener, 105 Fed. 180, 44 C. C. A. 434; In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 248.

[4] At no time did the state court get actual possession of the res. It could obtain no more than the federal court under the facts. The fund remained with the Stock Exchange, and still remains there. Its constructive possession is with the bankruptcy court. The objection

that the District Court had no jurisdiction to entertain summary proceedings by way of injunction cannot be sustained. The petitioner was not in adverse possession, actual or constructive, of the fund in question, and the District Court has the right to proceed summarily to determine the rights of the parties in a proper proceeding. But it is claimed that the fund in the possession of the Stock Exchange is properly held in trust. Whatever may be the merits of that claim, the question here is not that, but merely whether the bankruptcy court obtained jurisdiction to determine whether it should proceed to decision upon the merits of the question of the existence of a trust. It being a court of equity, it may proceed to examine the merits of the claim. It is only where right to property, adverse to a defendant and his creditors, is asserted by the party in possession, that a separate suit in which such right can be adjudicated is necessary.

[5] The proper remedy to review the determination below is by petition to revise, and not by an appeal. The appeal is dismissed, and the order sought to be revised affirmed.