### FIRST TRUST CO. v. BAYLOR.

### In re NEBRASKA HOTEL CO.

(Circuit Court of Appeals, Eighth Circuit.
June 10, 1924.)

No. 247.

**1. Bankruptcy ⊕=20(2)—Purchaser at state court receiver's sale after filing petition held not adverse claimant.**

After bankruptcy petition was filed, purchaser at sale by receiver appointed by state court, which, with proceedings on which it was based, were declared void by state Supreme Court, was not adverse claimant; state court having at no time acquired jurisdiction of res.

**2. Bankruptcy ⊕=101—Jurisdiction of property attaches on filing petition.**

When petition in bankruptcy was filed, bankrupt's property, including that on which there was valid mortgage, was in custody and under jurisdiction of bankruptcy court.

**3. Bankruptcy ⊕=213, 217(1)—Jurisdiction of bankruptcy court cannot be disturbed without its consent.**

Adjudication in bankruptcy does not divest state court of jurisdiction of proceeding to foreclose valid mortgage against bankrupt's property; but, when bankruptcy court has acquired jurisdiction of res, it may, under Bankruptcy Act, § 2 (Comp. St. § 9586), restrain foreclosure proceeding in state court interfering with its orderly administration of bankrupt's assets, though trustee may, with consent of bankruptcy court, abandon property covered by lien, and court may permit mortgage creditor to foreclose in state court.

**4. Bankruptcy ⊕=217(1)—Injunction restraining foreclosure of lien in state court should be for reasonable time only.**

Injunction restraining holder of valid lien from proceeding with foreclosure in state court should not be perpetual, but for reasonable time only, and should be so framed that lien claimant may at any time present his petition for immediate foreclosure for unreasonable delay by bankruptcy trustee.

**5. Bankruptcy ⊕=217(1)—Perpetual injunction restraining foreclosure proceeding modified, because of delay in selling property.**

Where bankrupt's property had not been sold by trustee, when petition to revise order perpetually restraining mortgage holder from foreclosing mortgage in state court was argued, nearly 2 years and 11 months after filing of bankruptcy petition, 1 year and 3 months after commencement of foreclosure proceeding, and more than 7 months after entry of perpetual injunction, order should be modified to permit foreclosure in state court.

Petition to Revise Order of the District Court of the United States for the District of Nebraska; J. W. Woodrough, Judge.

In the matter of the Nebraska Hotel Company, bankrupt, in which F. B. Baylor was appointed trustee. On original petition to revise order perpetually restraining the First Trust Company from proceeding with its mortgage foreclosure in state court. Order modified, and, as so modified, affirmed.

Maxwell V. Beghtol, of Lincoln, Neb. (C. Frank Reavis, of Lincoln, Neb., on the brief), for petitioner.

John A. Rine, of Omaha, Neb. (Alvin F. Johnson and Harley G. Moorhead, both of Omaha, Neb., on the brief), for respondent.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an original petition to revise under section 24b of the Bankruptcy Act (Comp. St. § 9608).

From the petition and response the following facts appear:

On March 24, 1917, the Thompson Hotel Company, a corporation, executed and delivered to First Trust Company, a corporation, the petitioner here, a mortgage on the Lincoln Hotel, situate in the city of Lincoln, Neb., including the land on which the hotel is located, and certain personal property used in connection therewith, to secure the payment of an indebtedness in the sum of $258,-000. This mortgage was recorded March 29, 1917. Its validity is admitted. After the mortgage was given, the legal title to the property was conveyed to the Nebraska Hotel Company, a corporation, the bankrupt.

On December 10, 1920, a suit was instituted in the District Court of Lancaster county, Neb., entitled "Henry Furrer et al. v. Nebraska Building & Investment Company, a Corporation, Nebraska Hotel Company, a Corporation, and Others, to preserve the assets and to wind up and liquidate the affairs of the corporate defendants. On January 27, 1921, the district court of Lancaster county appointed W. E. Barkley receiver for

the Nebraska Hotel Company. The receiver took possession of the property of the company, including the property covered by the mortgage of petitioner here, on January 27, 1921. On April 5, 1921, Barkley, as receiver, entered into a contract for the sale of the property to Eugene C. Eppley. Eppley went into possession thereof on April 5, 1921, and held same until about October 22, 1923, when he was dispossessed by a summary order of the bankruptcy court. See Eppley v. Baylor, re Nebraska Hotel Co. (C. C. A. 8) 293 Fed. 305.

On February 19, 1921, an involuntary petition in bankruptcy was filed against the Nebraska Hotel Company, and it was duly adjudged a bankrupt on November 14, 1922. F. B. Baylor, the respondent here, was appointed as the trustee of the bankrupt and duly qualified as such.

On June 12, 1922, the original case in the district court of Lancaster county, in which the receiver was appointed, came before the Supreme Court of Nebraska on appeal. The jurisdiction of the trial court to appoint the receiver and to order a sale of the properties of the Nebraska Hotel Company was challenged. The Supreme Court reversed the decision of the trial court, and held it was without jurisdiction to appoint Barkley receiver, and that his appointment and the pretended sale to Eppley were void. Furrer et al. v. Nebraska Building & Investment Co. et al., 108 Neb. 698, 189 N. W. 359.

On October 7, 1922, the petitioner here filed a suit to foreclose its mortgage in the district court of Lancaster county, Neb. At that time there was due on the indebtedness secured by the mortgage $195,000 principal and $4,875 interest.

On November 17, 1922, the district court of Lancaster county directed the receiver to deliver the property in his possession to the bankruptcy court.

On March 20, 1923, the respondent here filed in the bankruptcy proceedings a petition to restrain the petitioner here from prosecuting its foreclosure suit. The petition alleged the adjudication in bankruptcy and the appointment of the trustee; that the property covered by the lien of the petitioner here was a part of the assets of the bankrupt estate, and that the debt secured by the lien was a debt from which a discharge in bankruptcy would be a release; the filing of the suit in the district court of Lancaster county to foreclose the mortgage; that the value of the property exceeded the amount of the mortgage indebtedness; that there were a number of other hotel properties belonging to the bankrupt estate; that it was for the best interest of the estate that all of them should be offered for sale together; and that an application to stay the proceedings had been filed in the district court of Lancaster county and had been denied on March 3, 1923. The petition prayed for a stay under section 11a of the Bankruptcy Act (Comp. St. § 9595), and also for a general order enjoining the petitioner here from proceeding in or prosecuting the foreclosure suit.

A temporary stay and order to show cause was issued March 20, 1923. To the order to show cause the petitioner here filed an answer in which it alleged its mortgage and the filing of its suit to foreclose same; the receivership proceedings in the district court of Lancaster county; the sale to Eppley; that the outstanding liens against the property were in excess of its value; that the bankruptcy court had no jurisdiction, because of the proceedings in the state court; and that Eppley and the petitioner here were adverse claimants.

To this answer the trustee in bankruptcy, respondent here, filed a reply in which he alleged the summary order entered by the bankruptcy court against Eppley and the reversal of the receivership case in the Nebraska Supreme Court. The reply also denied that appellee and the petitioner here were adverse claimants, that the bankruptcy court was without jurisdiction, and that the value of the outstanding liens on the mortgaged property were in excess of its value.

The matter came before the bankruptcy court on June 12, 1923. The court treated the petition as a dependent bill in equity, ancillary to and in aid of the jurisdiction of the bankruptcy court, and granted a permanent injunction against the prosecution of the foreclosure suit in the state court, which in part read as follows:

"It is ordered that said First Trust Company of Lincoln, Nebraska, be perpetually enjoined from proceeding in or prosecuting said cause in the district court of Lancaster county, Nebraska, and that a writ of injunction issue out of this court restraining and enjoining said First Trust Company of Lincoln, Nebraska, its attorneys, agents, and servants, from proceeding in or prosecuting said suit in the district court of Lancaster county, Nebraska, to all of which the First Trust Company and all of the other parties adversely affected by this order duly except, and exception is allowed."

It is this order which the petitioner here seeks to revise.

[1] That Eppley was not in possession of the property as an adverse claimant is settled by the decision of this court in Eppley v. Baylor, 293 Fed. 305.

The Supreme Court of Nebraska in Furrer et al. v. Nebraska Building & Investment Co. et al., supra, said:

"The sale by the receiver and the proceedings on which it was based were absolutely void. The appointment of the receiver, the orders leading up to the sale, * * * and the sale itself are vacated and set aside."

[2] The state court at no time acquired any jurisdiction over the res. The receiver in the state court, and Eppley as purchaser from the receiver, held the property for the bankrupt without any adverse right or title at the time the petition in bankruptcy was filed. The foreclosure suit was filed after the petition in bankruptcy. Therefore the property against which the petitioner here sought to foreclose its mortgage, at the time of the commencement of the foreclosure suit, was in the custody and under the jurisdiction of the bankruptcy court. In re Hoey et al. (C. C. A. 2) 290 Fed. 116, 118; In re Schermerhorn (C. C. A. 8) 145 Fed. 341, 342, 76 C. C. A. 215; Johnston v. Spencer (C. C. A. 8) 195 Fed. 215, 218, 115 C. C. A. 167; In re Jarnol, Petition of Fisher (D. C.) 283 Fed. 547.

In Re Hoey, supra, the court said:

"It is well established that the federal court of bankruptcy has exclusive jurisdiction over all property held by or for the bankrupt, and not in possession of an adverse claimant. Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305; Acme Co. v. Beekman Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208. When that court once has jurisdiction over a res, no subsequent action of another court can divest it thereof. The filing of a petition in bankruptcy fixed the date from which the jurisdiction attached. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. What then passed to its jurisdiction is property actually or constructively in the possession of the bankrupt, if the legal title thereto is not in a third party. It would also obtain jurisdiction over property in adverse possession of a third party, if the true legal status were that title was in the bankrupt. Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080; Clay v. Waters, 178 Fed. 385, 101 C. C. A. 645, 21 Ann. Cas. 897; Orinoco Iron Co. v. Metzel, 230 Fed. 40, 144 C. C. A. 338."

This jurisdiction extends to property upon which there are valid liens.

In the case of Pugh et al. v. Loisel, re Joseph Webre Co. (C. C. A. 5) 219 Fed. 417, 421 (135 C. C. A. 221, 225), the court said:

"We think it is apparent that the Bankruptcy Act, as a whole, contemplates the taking possession and control of the bankrupt's estate by the court of bankruptcy acting through its trustee. The property is taken into custody in the condition in which it is found at the time of the filing of the petition, subject to all existing valid liens upon it. The filing of the petition, of course, does not displace or disturb such liens; but neither the existence of such liens, nor attempts of the lienors to enforce them without resorting to the court of bankruptcy for that purpose, constitute obstacles to the exercise by that court of the right to take into custody the bankrupt's estate and to control the administration of it. The court is vested with ample power to protect the rights of lienholders otherwise than by permitting them to be enforced in some other court or courts. Whitney v. Wenman, 198 U. S. 539, 552, 25 Sup. Ct. 778, 49 L. Ed. 1157; Bankruptcy Act, §§ 2, 57, 67, 69a, 70."

In the case of Whitney v. Wenman, 198 U. S. 539, 552, 25 Sup. Ct. 778, 781, 49 L. Ed. 1157, the court said:

"We think the result of these cases is, in view of the broad powers conferred in section 2 of the Bankruptcy Act, authorizing the bankruptcy court to cause the estate of the bankrupt to be collected, reduced to money and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties when necessary for the complete determination of a matter in controversy, that when the property has become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held by him or for him, jurisdiction exists to determine controversies in relation to the disposition of the same and the extent and character of liens thereon or rights therein."

The status of property upon which there are valid liens is discussed in an opinion by Mr. Justice Sanford while District Judge of the Eastern District of Tennessee, in the case of In re Star Ice & Coal Co., Petition of Griffin Ice & Coal Co., 252 Fed. 301, at page 303, as follows:

"Under section 70 of the Bankruptcy Act (Comp. St. 1916, § 9654), the trustee is vested only with the bankrupt's title to property. Hence where the bankrupt's property is subject to a mortgage or other incumbrances, the trustee takes only the bankrupt's equity therein, subject to such incumbrances; and

since, under section 67 of the act (section 9651), the validity of the pre-existing liens is not affected, the lienholder, unless restrained by the order of the bankruptcy court, may enforce the same dehors the court. Ward v. Bank of Ironton (6th Circ.) 292 Fed. 609, 612, 120 C. C. A. 655; In re Goldsmith (D. C.) 118 Fed. 763, 767; Coll. Bank'cy (11th Ed.) 1050, 1051. Nevertheless the bankruptcy court may in the interest of general creditors regulate the method of enforcing such lien in order to realize as much as possible from the bankrupt's equity. In re Jersey Island Packing Co. (9th Circ.) 138 Fed. 625, 71 C. C. A. 75, 2 L. R. A. (N. S.) 560; Cohen v. Nixon (D. C.) 236 Fed. 407, 411. If the property comes into the possession of the bankruptcy court, it may sell the property free from the lien and award the lien holder a preferential payment representing the proceeds of his lien. In re Oconee Milling Co. (5th Circ.) 109 Fed. 866, 48 C. C. A. 703; In re Loveland (1st Circ.) 155 Fed. 838, 839, 84 C. C. A. 72; In re Keet (D. C.) 128 Fed. 651; In re Cutler (D. C.) 228 Fed. 771, 773. This practice is, however, of doubtful propriety where the right to a lien is disputed and its determination would involve a controversy productive of delay in the bankruptcy proceedings. In re Muhlhauser (6th Circ.) 121 Fed. 669, 673, 57 C. C. A. 423. Or the bankruptcy court may, in its discretion, sell merely the bankrupt's equity in the property, that is, sell the property subject to the incumbrance and leave the lienor to enforce his lien upon the property by appropriate proceedings. In re Gerry (D. C.) 112 Fed. 958; In re Cutler (D. C.) 228 Fed. at page 773; Lovel. Bank'cy (2d Ed.) 1093. In thus selling the property subject to lien 'the trustee acts only in the interest of general creditors.' 2 Lovel. Bank'cy, supra, at page 1094."

See, also, In re Southern Pharmaceutical Co., Petition of Alexander et al. (D. C.) 286 Fed. 148, at page 151; In re Dayton Coal & Iron Co., Limited (D. C.) 291 Fed. 390; Ward v. First National Bank of Ironton, Ohio, re Ironton Door & Manufacturing Co. (C. C. A. 6) 202 Fed. 609, 612, 120 C. C. A. 655.

[3] The adjudication in bankruptcy does not divest the state court of jurisdiction to entertain a proceeding for the foreclosure of a valid lien against the property of the bankrupt. But where the bankruptcy court has acquired jurisdiction of the res the jurisdiction in bankruptcy will not be disturbed without its consent while the bankruptcy proceedings are pending. The trustee may with the consent or under the direction of the bankruptcy court abandon the property covered by the lien, and the bankruptcy court may grant permission to the mortgage creditor to foreclose in the state court. Re Zehner (D. C.) 193 Fed. 787; McHenry v. La Société Francaise d'Epargnes, 95 U. S. 58, 24 L. Ed. 370; In re Brinn et al., re Mason et al. (D. C.) 262 Fed. 527.

But, if the mortgage creditor without consent of the bankruptcy court commences a proceeding in the state court for the foreclosure of his lien, which will interfere with the orderly administration of the assets of the bankrupt estate, it may restrain such foreclosure proceeding under the broad provisions of section 2 of the Bankruptcy Act. In re Dana (C. C. A. 8) 167 Fed. 529, 93 C. C. A. 238; First Savings Bank & Trust Co. of Albuquerque, N. M., v. Butler (C. C. A.) 282 Fed. 866; Re Pittelkow (D. C.) 92 Fed. 901; In re Russell et al. (C. C. A. 2) 101 Fed. 248, 41 C. C. A. 323; In re Emslie et al. (C. C. A. 2) 102 Fed. 291, 42 C. C. A. 350; Morehouse et al. v. Giant Powder Co. et al., re Exploration Mercantile Co. (C. C. A. 9) 206 Fed. 24, 124 C. C. A. 158; In re Hoey et al. (C. C. A. 2) 290 Fed. 116; In re Hoey, Tilden & Co., Ex parte Kaufmann, 292 Fed. 269. The bankruptcy court therefore had the power to restrain the prosecution of the foreclosure suit. The order entered, however, perpetually enjoined the prosecution of this suit. The lower court relied upon the case of First Savings Bank & Trust Co. of Albuquerque, N. M., v. Butler, supra, as authority for this order. An examination of the order in that case discloses that it contained the following provision: "And it is further ordered that this decree and injunction be and remain in full force and effect until the further order of this court, not exceeding 12 months after the date of the adjudication in bankruptcy."

In summing up its conclusions in Re Pittelkow, supra, the court, in part, said:

"(1) That jurisdiction exists to restrain mortgagees, for a reasonable time, from commencing foreclosure proceedings, and to order sales free from incumbrances, in special instances, after due hearing, where the rights are clear.

"(2) That sufficient facts appear to enjoin all the mortgagees or lien claimants who were duly cited herein from instituting foreclosure proceedings until the further order of the court, but with leave to any mortgagee or lien claimant to present his petition before the referee to be heard re-

specting any alleged necessity for immediate foreclosure or of unreasonable delay on the part of the trustee, for report to the court whether the petitioner or petitioners should be exempted from the order."

[4] We are of the opinion that an injunction issued by a bankruptcy court restraining the holder. of a valid lien from proceeding with the foreclosure thereof in a state court should not be perpetual, but for a reasonable time only. It should be so framed that the lien claimant may at any time present his petition respecting any necessity for immediate foreclosure or unreasonable delay on the part of the trustee.

[5] The facts in the instant case afford abundant reason why the writ of injunction should be so limited. The petition in bankruptcy was filed in this case on February 19, 1921. The order of adjudication was entered on November 14, 1922. On October 7, 1922, the petitioner here commenced its foreclosure suit. There was then due on the mortgage $195,000 principal and $4,875 interest. On June 12, 1923, petitioner was perpetually enjoined by the bankruptcy court from prosecuting its foreclosure suit. The petition to revise was orally argued and submitted to this court on January 16, 1924, the petitioner complaining that the bankruptcy court had not yet sold the property and paid over to it the proceeds to the extent of its lien claim, and that it was restrained from any relief by foreclosure through the perpetual injunction of the bankruptcy court. This was 2 years 10 months and 27 days after the filing of the petition in bankruptcy, 1 year 3 months and 9 days after the commencement of the foreclosure proceedings, 1 year 2 months and 2 days after the adjudication in bankruptcy, and 7 months and 4 days after the entry of the perpetual injunction. The petitioner here alleged that the property at the time of the hearing on the petition to stay the foreclosure proceedings was not worth the amount of the mortgage indebtedness. The respondent here alleged it was worth in excess thereof. Assuming that the property at that time was worth in excess of the mortgage debt, the accumulation of interest, taxes and other charges against the property accruing on account of the delay will rapidly absorb any equity in the property. If a court of bankruptcy is vested with ample power to protect the rights of lienholders, otherwise than by permitting them to be enforced in some other court or courts as declared in Pugh v. Loisel, supra, then the bankruptcy court should either exercise such power by a speedy sale of the property and

payment of the valid liens, or it should permit the lien claimants to seek relief by foreclosure.

The injunction in this case should not have been perpetual, but until the further order of the court. The order is so modified.

This will enable the petitioner here to apply for relief in the bankruptcy court. If the trustee in bankruptcy has not by that time disposed of the property and applied the proceeds in payment of the mortgage, the District Court should at once modify its order and permit the petitioner here to proceed with foreclosure in the state court.

The order as modified is affirmed.