## In re HOLSTEIN HARVEY, Inc.

District Court, D. Delaware. June 6, 1928.

No. 649.

**Bankruptcy ⟨⟩217(1)—Bankruptcy court will enjoin sale under foreclosure proceedings instituted in state court, where estate has very substantial equity in property.**

Where proceeding to foreclose mortgage was instituted in state court on very day that petition in bankruptcy against mortgagor was filed, and bankruptcy estate has very substantial equity in property, mortgage being approximately $27,900, while property was estimated as valued from $45,000 to $75,000, held, that bankruptcy court has jurisdiction to enjoin sale under foreclosure proceedings of mortgaged premises.

In Bankruptcy. In the matter of Holstein Harvey, Inc., bankrupt. On petition of creditor for order enjoining sale of mortgaged premises. Injunction granted.

Edmund S. Hellings, of Wilmington, Del., for petitioning creditor.

Henry R. Isaacs, of Wilmington, Del., for Industrial Trust Co.

MORRIS, District Judge. An involuntary petition in bankruptcy was filed against Holstein Harvey, Inc., on the 14th day of

May, 1928, which was followed by adjudication in bankruptcy on June 4, 1928. Judgment of foreclosure on a mortgage made by the predecessor in title of the bankrupt to Industrial Trust Company was entered upon amicable action in the Superior Court of the state of Delaware on the very day on which the petition in involuntary bankruptcy was filed. Levari facias was issued and the property was advertised for sale on the 7th day of June. After the issuance of the writ a petitioning creditor, a trustee in bankruptcy having not yet been elected, filed a petition praying that the plaintiff in the writ and the sheriff of New Castle county be enjoined from making the sale of the mortgaged premises, which are in the jurisdiction of this court, to the end that the same may be administered for the benefit of the creditors in the bankruptcy court.

It appears from the oral evidence submitted in open court by the petitioner that the bankruptcy estate has a very substantial equity in the property, the mortgage being for approximately $27,900, while the estimates of value of the property run as high as $45,000 to $75,000. This equity constitutes a very large part of the assets of the bankruptcy estate. In view of these facts it appears that the court of bankruptcy has without doubt jurisdiction to enjoin the sale under foreclosure proceedings instituted in the state court on the very day that the petition in bankruptcy was filed. First Trust Co. v. Baylor, 1 F.(2d) 24 (C. C. A. 8); Britton v. Western Iowa Co., 9 F.(2d) 488, 45 A. L. R. 711 (C. C. A. 8); First Savings Bank & Trust Co. v. Butler, 282 F. 866 (C. C. A. 8).

Moreover, the foregoing cases make it clear that in the performance of the duty imposed upon the court by the Bankruptcy Act (11 USCA) the injunction prayed for must be granted.